UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

HARVEY P. SHORT,

    Plaintiff,

v.                                Case No. 2:07-cv-00139

KENT CARPER, Commission President,
BRENT PAULEY, County Manager,
COUNTY COMMISSIONERS FOR KANAWHA COUNTY,
KANAWHA COUNTY GOVERNMENT,
PAUL ZAKAIB, JR., Judge,
DUKE BLOOM, Judge,
IRENE BERGER, Judge,
JENNIFER WALKER, Judge,
CHARLES KING, Judge,
TOD KAUFMAN, Judge, and
JAMES STUCKY, Judge, Circuit Court
of Kanawha County,

    Defendants.


HARVEY P. SHORT,

    Plaintiff,

v.                                Case No. 2:07-cv-00255

KENT CARPER, Commission President,
BRENT PAULEY, County Manager,
COUNTY COMMISSION FOR KANAWHA COUNTY,
KANAWHA COUNTY GOVERNMENT,
PAUL ZAKAIB, Judge,
DUKE BLOOM, Judge,
IRENE BERGER, Judge,
JENNIFER WALKER, Judge,
CHARLES KING, Judge,
TOD KAUFMAN, Judge,
JAMES STUCKY, Judge, Circuit Court of
Kanawha County, and JOHN DOE AND JANE
DOE, County Commissioner,

    Defendants.

MEMORANDUM OPINION AND ORDER

These actions were previously referred to Mary E. Stanley, United States Magistrate Judge, who has submitted her Proposed Findings and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).

The court has reviewed the Proposed Findings and Recommendation entered by the magistrate judge on November 29, 2007. The magistrate judge recommends that the complaints in these actions be dismissed pursuant to 28 U.S.C. § 1915A for failure to state claims upon which relief can be granted. The magistrate judge further recommends that plaintiff's Applications to Proceed Without Prepayment of Fees be denied as moot.

On January 16, 2008, plaintiff filed his objections to the magistrate judge's proposed disposition.[1] The court has

---

[1]The clerk transmitted to plaintiff the same day a copy of the Proposed Findings and Recommendation. The mailing was sent to the South Central Regional Jail. On December 5, 2007, the mailing was re-transmitted to plaintiff at the Southern Regional Jail. On December 7, 2007, the original mailing to the South Central Regional Jail was returned by the postal service. The same day, the clerk re-transmitted the Proposed Findings and Recommendation to plaintiff at the Southern Regional Jail, resulting in two copies having been delivered to plaintiff at that institution. The docket does not reflect that the re-transmitted copies have been returned to the clerk by the postal service. The online database maintained by the West Virginia
(continued...)

reviewed the objections.  Plaintiff's objections first cite West Virginia Code section 7-7-8 as imposing a "mandatory duty . . . to put the Prosecutor . . on administrat[ive] leave or remove . . . [him] temporarily until the criminal investigation was over . . . ."  (Objecs. at 2).  The referenced Code section, however, is cast in permissive, not mandatory, terms.[2]  Plaintiff also appears to contend that he had a clearly established right under the Fourteenth Amendment to be indicted and prosecuted by one lawfully in office.  It appears, however, that the prosecutor was duly elected and, hence, lawfully in office.  The remainder of

---

[1](...continued)
Regional Jail Authority, however, reflected that as of January 10, 2008, plaintiff was incarcerated at the Southwestern Regional Jail.  The court, accordingly, directed the clerk on January 10, 2008, to re-transmit the Proposed Findings and Recommendation to plaintiff at the Southwestern Regional Jail.  The clerk accomplished that task the same day.

> [2]Section 7-7-8 provides pertinently as follows:
>
> Each assistant [prosecutor] shall serve at the will and pleasure of his principal[, the prosecutor] and <u>may</u> be removed from office by the circuit court of the county in which he is appointed for any cause for which his principal might be removed.
>
> If, in any case, the prosecuting attorney and his assistants are unable to act, or if <u>in the opinion of the court</u> it would be improper for him or his assistants to act, the court shall appoint some competent practicing attorney to act in that case. . . .

W. Va. Code § 7-7-8 (emphasis supplied).

3

plaintiff's objections are adequately resolved by the Proposed Findings and Recommendation.[3]

Inasmuch as plaintiff's objections are not meritorious, and following a <u>de novo</u> review, the court concludes the recommended disposition is correct. The magistrate judge's Proposed Findings and Recommendation are incorporated herein in their entirety.

Based upon the foregoing, the court, accordingly, ORDERS that these actions be, and they hereby are, dismissed without prejudice.

---

[3]Were it otherwise, plaintiff's malicious prosecution claim is deficient for additional reasons. As noted by the magistrate judge, plaintiff alleges a constitutional wrong arose herein by virtue of the defendants permitting the prosecutor to remain in office despite an alleged violation of state law unrelated to plaintiff's prosecution. Specifically, plaintiff alleges "Mr. Charnock was illegally and unlawfully in office and his work is fruit of the poisonous tree . . . ." (Compl. ¶ 15).

Plaintiff does not elucidate how the defendants' alleged omissions regarding the prosecutor directly or proximately caused the constitutional injury of which he complains. See <u>Boykin v. Van Buren Tp.</u>, 479 F.3d 444, 451 (6th Cir. 2007) ("'A § 1983 claim must satisfy two elements: (1) the deprivation of a right secured by the Constitution or laws of the United States <u>and</u> (2) the deprivation <u>was caused by</u> a person acting under color of state law.'") (emphasis supplied). While plaintiff may have sufficiently alleged causation in his separate, stayed action against the prosecutor, the much more remote allegation of causation herein against other defendants appears lacking as a matter of law.

4

The Clerk is directed to forward copies of this written opinion and order to counsel of record and the pro se plaintiff, and the United States Magistrate Judge.

DATED: March 10, 2008

John T. Copenhaver, Jr.
United States District Judge